## Ex Parte Freeman.

### Decided June 23, 1922.

Habeas Corpus—Practice on Appeal—Second Application.

Where the additional testimony did not change the original phase of the case denying bail, the same is denied, and the judgment of the lower court affirmed.

Appeal from the District Court of Jefferson. Tried below before the Honorable W. H. Davidson.

Appeal from a habeas corpus proceeding denying bail.

The opinion states the case.

*J. E. Rose,* and *Howth & O'Fiel,* and *Lamar Hart,* for relator.— Cited: Cole v. State, 45 Texas Crim. Rep., 225; Stapleton v. State, 56 Texas Crim. Rep., 425.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant presented a second application for habeas corpus to the District Court of Jefferson County and upon a hearing was remanded. Appellant was remanded upon a first application, and the action of the trial court was upheld by us. See Ex parte Freeman, 91 Texas Crim. Rep., 201. Upon the presentation of

this second writ appellant introduced in evidence the same facts heard by the court at the former hearing and the testimony of two physicians as to the condition of his health, and the testimony of another witness to the facts of the homicide. We have carefully examined the new testimony and considered same in connection with that presented upon the first appeal and regret our inability to conclude that we were wrong, or that the additional evidence requires at our hands a different conclusion from that reached.

Believing the case to be one in which bail should be refused, the judgment of the district court is affirmed.

*Affirmed.*